64 F.3d 656
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John P. CUTHBERTSON, Plaintiff-Appellant,
v.
Teledyne ALLVAC, Defendant-Appellee.
 No. 95-1127.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1995.
Decided Aug. 18, 1995.
 
 ARGUED: William Brady Hamel, HELMS, CANNON, HAMEL & HENDERSON, P.A., Charlotte, NC, for Appellant. Stephen Douglas Dellinger, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A., Charlotte, NC, for Appellee. ON BRIEF: James B. Spears, Jr., HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A., Charlotte, NC, for Appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and G. ROSS ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 John P. Cuthbertson sued his former employer under Title VII for discriminatory firing. The trial judge granted Defendant's motion for summary judgment. We affirm.
 
 
 2
 Plaintiff, a black man, worked for Teledyne Allvac (Teledyne), which refines or manufactures metals. Plaintiff worked for 14 years in Teledyne's Vacuum Induction Melt (VIM) shop. In 1991, for economic reasons, the company decided to lay off four VIM employees. Cuthbertson was one of those employees. He sued, alleging racial discrimination. On Defendant's motion, the Court granted summary judgment in December, 1994. Cuthbertson appealed.
 
 
 3
 This Court reviews de novo orders granting summary judgment. Higgins v. E.I. Du Pont De Nemours and Co., 863 F.2d 1162 (4th Cir.1988). Summary judgment should be granted when there are no genuine issues of material fact. FED. R. CIV. P. 56. To establish that a genuine issue of material fact exists, the plaintiff must show that there is evidence upon which a fact finder can reasonably hold in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The evidence must be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).
 
 
 4
 At the time of its reorganization, the VIM had 32 employees other than supervisors or managers. Eight of those 32 were black. The VIM regularly issued ratings reports, evaluating the employees. Cuthbertson consistently ranked better than most of the other employees in his seven-person work group over the last seven years of his employment. However, his work history also contained objective complaints, including a number of "emergency" telephone calls, tardy complaints, and reports of hitting and damaging equipment and buildings while operating the crane. A number of these complaints were close in time to the layoff decision.
 
 
 5
 To choose whom to retain as part of the newly reorganized structure, the VIM supervisor, Brian Brown, asked each supervisor to rate their employees and used those results, along with the personnel files and his own subjective observations, to assign a numeric rating to each employee. He discharged the four lowest-ranked employees--two whites and two blacks. Cuthbertson and a white employee tied for the lowest rank on the scale. Although some whites rated lower than Cuthbertson on the annual group reviews and were not discharged, no whites ranked equal to (or lower than) Cuthbertson on the overall rating sheet without being discharged.
 
 
 6
 The trial court ruled that Plaintiff had made out a prima facie case. The Defendant was then required to produce a nondiscriminatory reason for the employee's termination. The trial court concluded that the Defendant met its burden.
 
 
 7
 Plaintiff must then prove that the stated legitimate reason was pretextual. St. Mary's Honor Center v. Hicks, 113 S.Ct. at 2742 (1993). Proving pretext merges with the ultimate burden of persuasion. Texas Dep't of Community Aff. v. Burdine, 450 U.S. 248 (1981). A plaintiff may meet his or her burden via direct or circumstantial evidence. Id. The issue is discriminatory firing; therefore, Plaintiff must show, by a preponderance of the evidence, that discrimination motivated his or her firing. Hicks, 113 S.Ct. at 2754. A plaintiff must show that race probably, not merely possibly, was a determining factor in the employer's decision. Lovelace v. Sherwin-Williams Co., 681 F.2d 230 (4th Cir.1982).
 
 
 8
 Cuthbertson has not shown that race was a factor in his employer's decision or that the rating system was pretextual. Rather than using the annual evaluations alone, the company drew up an independent ranking for the sole purpose of determining who to terminate. The annual evaluations were only a part of that rating scheme. Teledyne clearly applied the same criteria to all employees, regardless of race. Teledyne discharged a white employee with the same rating as Cuthbertson. Teledyne did not retain any white employees who were rated below Cuthbertson. Additionally, Teledyne retained six black employees who rated higher than Cuthbertson.
 
 
 9
 Finding no evidence of racial discrimination, we
 
 
 10
 AFFIRM.